746 A.2d 1088 (2000)
329 N.J. Super. 154
MORRISTOWN MEMORIAL HOSPITAL, Plaintiff-Appellant,
v.
Marc TUREO, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 2000.
Decided March 16, 2000.
Gary M. Sarno, East Hanover, for plaintiff-appellant (Pressler and Pressler, attorneys; Mr. Sarno, on the brief).
Defendant-respondent has not filed a brief.
Before Judges PETRELLA and COBURN.
*1089 PER CURIAM.
Plaintiff appeals from an order denying its motion for a wage execution.
The facts are not in dispute. Plaintiff obtained a default judgment against defendant for $397.50 plus interest. After learning that defendant was employed by the Township of Morris, plaintiff filed a notice of motion for wage execution. Plaintiff's proof of service certified that on December 29, 1998, the motion was sent to defendant's last known address by certified mail, return receipt requested, and by regular mail. Although defendant did not object in writing to entry of the order, on January 26, 1999, Judge Christine L. Miniman denied the motion sua sponte and without prejudice for the following reasons, expressed in a written opinion attached to the proposed order:
Your application for wage execution has been denied without prejudice to resubmission on the ground that proof of service of the notice is inadequate. R. 4:59-1(d) provides:
The notice of wage execution shall be served on the judgment debtor in accordance with R. 1:5-2. A copy of the notice of application for wage execution, together with proof of service in accordance with R. 1:5-3, shall be filed with the clerk at the time the form of order for wage execution is submitted.
R. 4:59-1(d) (emphasis added).

R. 1:5-2 governs the manner of service and provides that service upon a party (as distinct from an attorney) "shall be made as provided in R. 4:4-4 or by registered or certified mail, return receipt requested, to the party's last known address...." Service by ordinary mail is only effective "if the party refuses to claim or to accept delivery" of the registered or certified mail. R. 1:5-2. Although R. 1:5-2 does provide that "[w]here mailed service is made upon a party, the modes of service may be made simultaneously," that provision does not obviate the necessity of proving that ordinary mail service was permissible under the rule because the party refused to claim or to accept delivery of the registered or certified mail.
This interpretation of R. 1:5-2 is consistent with the comment to it:
Also following the 1967 amendment of the source rule, this rule permits service by ordinary mail on parties who refuse or fail to accept certified or registered mail. Ordinary mail service, when certified or registered mail service fails, is also provided for under these circumstances by all of the rules permitting service of papers, including original process, by registered or certified mail. See, e.g., R. 4:4-4, 4:4-5. And see R. l:5-4(a) and Comment thereon. This rule was amended, effective September, 1981, to permit ordinary mail service to be made simultaneously with registered or certified mail rather than after the failure of such mail service. The affidavit of service should, o[f] course, recite the details pertaining to all mail modes employed. Cf. R. 6:2-3 and Comment thereon.
Pressler, Current N.J. Court Rules, Comment R. 1:5-2 at 54-55 (Gann 1998).

R. 1:5-3 specifies the proof of service which must be filed:
Proof of service of every paper referred to in R. 1:5-1 may be made (1) by an acknowledgment of service, signed by the attorney for a party or signed and acknowledged by the party, or (2) by an affidavit of the person making service, or (3) by a certification of service appended to the paper to be filed and signed by the attorney for the party making service. If service has been made by mail the affidavit or certification shall state that the mailing was to the last known address of the person served. The proof shall be filed with the court promptly and in any event before action *1090 is to be taken on the matter by the court. Where service has been made by registered or certified mail, filing of the return receipt card with the court shall not be required. Failure to make proof of service does not affect the validity of the service, and the court at any time may allow the proof to be amended or supplied unless an injustice would result.
R. 1:5-3 (emphasis added).
The content of the proof of service is not, however, limited to the above-emphasized language. The purpose of a proof requirement is not simply to demonstrate that service has been attempted but rather to demonstrate that it has been effected. Thus, R. 1:5-4(a) provides:
Where under any rule, provision is made for service by certified or registered mail, service may also be made by ordinary mail simultaneously or thereafter. If the addressee fails or refuses to claim or to accept delivery of certified or registered mail, the ordinary mailing shall be deemed to constitute service.
R. 1:5-4(a) (emphasis added).
Again, the Rules of Court make clear that service by ordinary mail is effective to give notice of an application to the court for a wage execution only when the certified or registered mail has been refused or not accepted. Thus, in order to demonstrate effective, timely service, the proof filed with the court must recite either that the certified or registered mail was accepted and the date of acceptance[1] or must recite that the certified or registered mail was either refused or not accepted and set forth the date of ordinary mail service. A mere recital in the proof of service that a simultaneous mailing of certified and ordinary mail was made is insufficient.
The applicant for a wage execution must demonstrate that service was properly effected because the notice requirements of R. 4:59-1(d) were intended to "cure ... abuse by assuring the debtor notice and a hearing before entry of the order of execution." Pressler, Current N.J. Court Rules, Comment R. 4:59-1(d) at 1422 (Gann 1998). If mail is directed to an old address, then the debtor has not received the notice which he or she is due under our Rules of Court. Please send any revised proof of service directly to chambers within 10 days of entry of this order, attaching a copy of the original notice and this order and opinion, and provide a new form of order. The 45-day period of R. 4:59-1(d) will not be recalculated if the revised proof of service is timely transmitted.
We affirm for the reasons stated by the trial judge in the above quoted opinion.
Affirmed.
NOTES
[1] If the date of acceptance is not disclosed in the proof of service, the court may not be able to determine whether the 45-day period of R. 4:59-1(d) has expired and the application may be needlessly denied. See R. 1:5-4(b) and 4:59-1(d).