779 A.2d 426

REYNOLDS, PLAINTIFF–APPELLANT, v. ALFRED B. MESSANO A/K/A BUDDY B. MESSANO, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 4, 2001—Decided May 1, 2001.

Before Judges BAIME and LINTNER.

*Lawrence J. McDermott, Jr.* argued the cause for appellant (*Pressler and Pressler*, attorneys; *Mr. McDermott*, on the brief).

The brief of respondent was suppressed.

The opinion of the court was delivered by

BAIME, P.J.A.D.

The Special Civil Part denied plaintiff's application for a wage execution on the ground that defendant had not been properly served with the requisite notice. Plaintiff appeals. We reverse.

The facts are not in dispute. Plaintiff obtained a judgment against defendant in 1982. The judgment remained unsatisfied for over eighteen years. On April 18, 2000, a notice of application for a wage execution was sent to defendant's last known address simultaneously by certified mail, return receipt requested, and by regular mail. Following expiration of the period for objections, plaintiff mailed to the Clerk of the Special Civil Part copies of the notice, proof of service and an order of wage execution. The proof of service represented that the notice had been mailed to defendant's last known address simultaneously by certified mail and regular mail. The Clerk requested supplemental information concerning the manner of service. Plaintiff filed a supplemental proof of service indicating that the notice had been returned with the notation that defendant's address was "unknown," and that a

copy of the notice had been sent to the clerk by ordinary mail. The papers were returned to plaintiff with a notation indicating that the application was denied due to "lack of service." Adjacent to the notation was the signature of a Special Civil Part judge.

Under *R.* 4:59–1(d), a notice of wage execution is to be served on the judgment debtor in accordance with *R.* 1:5–2. The latter rule, *R.* 1:5–2, states in pertinent part:

Service upon a party of such papers shall be made as provided in *R.* 4:4–4 or *by registered or certified mail, return receipt requested, to the party's last known address; or if the party refuses to claim or to accept delivery, by ordinary mail to the last known address; or if no address is known, by ordinary mail to the clerk of the court*.... *Where mailed service is made upon a party, the modes of service may be made simultaneously.* (Emphasis added)

By its terms, the rule permits service of the notice on a party by ordinary mail in two situations. First, service by ordinary mail is allowed where the judgment debtor "refuses to claim or accept delivery" by registered or certified mail. *Ibid.* Second, where the address of the judgment debtor is "unknown," service may be effectuated by "ordinary mail" to the "clerk of the court." *Ibid.*

In *Morristown Memorial Hosp. v. Tureo,* 329 *N.J.Super.* 154, 746 *A.*2d 1088 (2000), we held that a " 'mere recital in the proof of service that a simultaneous mailing of certified and ordinary mail was made is insufficient.' " *Id.* at 157, 746 *A.*2d 1088. Although plaintiff argues that *Morristown Memorial Hospital* was wrongly decided, we reject that contention and adhere to the holding of that decision. Contrary to plaintiff's argument, a representation that service has been made upon a debtor by the simultaneous mailing of the notice by ordinary and certified mail does not satisfy the requisites of *R.* 1:5–2. Although not specified in *R.* 1:5–2 or *R.* 1:5–3, "[t]he affidavit of service should ... recite the details pertaining to all mail modes employed." Pressler, *Current N.J. Court Rules,* comment to *R.* 1:5–2 at 65 (2001). The original proof of service failed in this case since it did not comport with this requirement.

The Clerk of the Special Civil Part was thus correct in requiring supplementation of plaintiff's proof of service. Under *R.* 1:5–2,

service by ordinary mail can be made on a party only where the judgment debtor has "refuse[d] to claim or to accept delivery" of registered or certified mail, or where the judgment debtor's address is "unknown," in which event service by ordinary mail to the clerk is sufficient. Because neither of these contingencies was expressed in plaintiff's original proof of service, the Clerk correctly required supplementation.

■ Plaintiff's supplemental proof of service cured the problem by representing that the prior mailing had been returned with the notation the debtor's address was "unknown," and that the notice had been sent to the clerk of the court by ordinary mail. This representation clearly satisfied the requirements of the rule. The method of service was "reasonably calculated" under all the circumstances, to apprise the judgment debtor of the pendency of plaintiff's application and his right to file an objection and be heard on the merits of the issue. *Mullane v. Central Hanover B. & T. Co.*, 339 *U.S.* 306, 314, 70 *S.Ct.* 652, 657, 94 *L.Ed.* 865, 873 (1950).

We add that the judgment debtor's rights are fully protected under *R.* 4:59-1(d). That rule provides that an objection received from the debtor acts to stay all remittances, and that a prompt hearing must be conducted. Moreover, if a debtor has not received actual notice, but learns of the wage execution by the employer's deduction from his salary, he may seek relief from the attachment and the matter must be "set down" for a hearing within seven days of the receipt of an objection. We see little, if any, potential for mischief under these procedures.

We thus conclude that plaintiff's supplemental proof of service satisfied the requirements of *R.* 1:5-2. The Special Civil Part erred by denying plaintiff's application for a wage execution.

Accordingly, the order appealed from is reversed.